David W. Hall (SBN 274921)
dhall@hedinhall.com
Frank S. Hedin (SBN 291289)
fhedin@hedinhall.com
Hedin Hall llp
Four Embarcadero Center, Suite 1400
San Francisco, California 94111
Telephone: (415) 766-3534
Facsimile: (415) 402-0058

*Counsel for Plaintiff*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MEMARY LAROCK, individually and on behalf of all others similarly situated,<br><br>    Plaintiff,<br><br>v.<br><br>CONTEXTLOGIC, INC.,<br><br>    Defendant. | Case No. _____<br><br>**CLASS ACTION COMPLAINT**<br><br>(JURY TRIAL DEMANDED) |

Plaintiff Memary LaRock, individually and on behalf of all others similarly situated, complains and alleges as follows based on personal knowledge as to herself, on the investigation of her counsel and the advice and consultation of certain third-party agents as to technical matters, and on information and belief as to all other matters:

## NATURE OF ACTION

1.    Plaintiff brings this action for legal and equitable remedies resulting from the illegal actions of ContextLogic, Inc. in transmitting unsolicited SMS text message advertisements to her cellular telephone and the cellular telephones of numerous other consumers across the country who, like Plaintiff, have never enrolled in Defendant's services – in clear violation of the federal Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227.

## JURISDICTION AND VENUE

2.    This Court has subject-matter jurisdiction pursuant to 28 U.S.C. § 1331 and 47 U.S.C. § 227.

3. Personal jurisdiction and venue are proper in this District because Defendant maintains its corporate headquarters in this District.

## PARTIES

4. Plaintiff Memary LaRock is, and at all times mentioned herein was, an individual and a "person" as defined by 47 U.S.C. § 153(39) and a citizen and resident of Washington State. Plaintiff has never enrolled in or otherwise used Defendant's services and has never consented to receive autodialed text messages from Defendant. Plaintiff has nonetheless been inundated by Defendant's incessant SMS text messages advertising the commercial availability of its Wish.com mobile app and website and the products offered for sale on those platforms.

5. Defendant ContextLogic, Inc. is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153(39). Defendant is, and at all times mentioned herein was, an internet marketing company headquartered at One Sansome Street, 40th Floor, San Francisco, California, 94104; accordingly, Defendant is, and at all times mentioned herein was, a citizen of the State of California. Defendant operates several e-commerce websites, including without limitation the websites located at Wish.com and all subdomains thereto.

## THE TELEPHONE CONSUMER PROTECTION ACT OF 1991

6. In 1991, Congress enacted the TCPA to address consumer complaints regarding certain abusive telemarketing practices. The TCPA prohibits, inter alia, the use of automated telephone equipment, or "autodialers," to make any call, including sending a text message, to a wireless number absent an emergency or the "prior express consent" of the party called. And in the case of calls or text messages that constitute "advertisements" or "telemarketing", as defined by applicable regulations, the TCPA requires the "prior express <u>written</u> consent" of the called party before initiating such calls or texts via an autodialer.

7. According to findings by the Federal Communication Commission ("FCC"), which is vested with authority to issue regulations implementing the TCPA, autodialed calls and texts are prohibited because such transmissions are a greater nuisance and invasion of privacy than live solicitation calls and receiving and addressing such calls and texts can be costly and inconvenient.

The FCC also recognized that wireless customers are charged for such incoming calls and texts whether they pay in advance or after the minutes or texts are used.

8. One of the most prevalent bulk advertising methods employed by companies today involves the use of "Short Message Services" (or "SMS"), which is a system that allows for the transmission and receipt of short text messages to and from wireless telephones. According to a recent study conducted by the Pew Research Center, "Spam isn't just for email anymore; it comes in the form of unwanted text messages of all kinds – from coupons to phishing schemes – sent directly to user's cell phones."[1]

9. SMS text messages are directed to a wireless device through a telephone number assigned to the device. When an SMS text message is successfully transmitted, the recipient's wireless phone alerts the recipient that a message has been received. Because wireless telephones are carried on their owner's person, SMS text messages are received virtually anywhere in the world.

10. Unlike more conventional advertisements, SMS message advertisements can actually cost their recipients money because wireless phone users must pay their wireless service providers either for each text message they receive or incur a usage allocation deduction to their text messaging or data plan, regardless of whether the message is authorized.

11. Moreover, the transmission of an unsolicited SMS text message to a cellular device is distracting and aggravating to the recipient; intrudes upon the recipient's seclusion; wastes a quantifiable amount of available data on the recipient's cellular device, thereby reducing its data storage capacity; temporarily reduces the available computing power and application processing speed on the recipient's device; diminishes the available battery power, and thus shortens the battery life, of the recipient's cellular device; and requires expending a quantifiable amount of energy (i.e., electricity) to recoup the battery power lost as a result of receiving such a message.

---

[1] Amanda Lenhart, Cell Phones and American Adults: They Make Just as Many Calls, but Text Less than Teens, Pew Research Center (2010), http://www.pewinternet.org/Reports/2010/Cell-Phones-and-American-Adults.aspx (last visited April 6, 2018).

- 3 -
CLASS ACTION COMPLAINT

## FACTUAL ALLEGATIONS COMMON TO ALL CLAIMS

12. Plaintiff is, and at all times mentioned herein was, the subscriber of the cellular telephone number (360) ***-5824 (the "5824 Number"). The 5824 Number is, and at all times mentioned herein was, assigned to a cellular telephone service as specified in 47 U.S.C. § 227(b)(1)(A)(iii).

13. In or about September through November 2018, continuing up until shortly before the filing of this Class Action Complaint, Defendant transmitted or caused to be transmitted, by itself or through an intermediary or intermediaries, numerous SMS text message advertisements to the 5824 Number without Plaintiff's prior express consent, written or otherwise, including without limitation the messages depicted in the following screenshots taken from Plaintiff's cellular device:

> Discover the magic of organization with 60-90% off 🏠 home storage. www.wish.com/x/aff93c0e

> Your inner interior designer will love 💓 this new 🏠 decor! www.wish.com/x/eb52fd3c

> 🎆 Celebrate 11/11 Day! Open up to find deals on everything. 🎉 www.wish.com/x/154642e6

14. The foregoing examples of the SMS text messages sent by Defendant to the 5824 Number were received by Plaintiff on October 29, 2018, November 5, 2018, and November 11, 2018, respectively.

15. The SMS text messages sent by Defendant to the 5824 Number, including without limitation the foregoing examples, originated from the telephone number (855) 894-7420 and from other telephone numbers, all of which are leased by Defendant or Defendant's agent(s) or affiliate(s) and are used for operating Defendant's text message marketing program.

16. The SMS text message advertisements that Defendant sent to Plaintiff and the other members of the Class contained no instructions on how to put a stop to the transmission of additional messages in the future.

17. The hyperlinked wish.com URLs appearing in Defendant's text messages (including those beginning with www.wish.com and other wish.com subdomains), as reflected in the above-depicted text messages and the other SMS text messages sent by Defendant to the 5824 Number and the numbers of the proposed Class members, are all leased or owned, and are operated and maintained, by Defendant, and direct the recipients to webpages where Defendant offers goods and services for sale, for profit.

18. Because Plaintiff is alerted by her cellular device, by auditory or visual means, whenever she receives an SMS text message sent to the 5824 Number, each unsolicited SMS text message that Defendant transmitted to the 5824 Number invaded Plaintiff's privacy and intruded upon Plaintiff's seclusion. Plaintiff became distracted and aggravated as a result of receiving each of Defendant's SMS text messages.

19. All telephone contact by Defendant or affiliates, subsidiaries, or agents of Defendant to Plaintiff at the 5824 Number occurred via an "automated telephone dialing system" as defined by 47 U.S.C. § 227(b)(1)(A).

20. Specifically, Defendant utilized an "automated telephone dialing system" to transmit the aforementioned SMS text messages to the 5824 Number because such messages were sent from a telephone number used to message consumers *en masse*; because Defendant's automated

CLASS ACTION COMPLAINT

dialing equipment includes features substantially similar to a predictive dialer, inasmuch as it is capable of making numerous calls or texts simultaneously (all without human intervention); and because the hardware and software used by Defendant to send such messages have the capacity to store, produce, and dial random or sequential numbers, or receive and store lists of telephone numbers, and to dial such numbers, *en masse*, in an automated fashion and without human intervention. And indeed, Defendant transmitted the text messages at issue in this case to Plaintiff and all other putative class members in an automated fashion and without human intervention, with hardware and software that stores, produces and dials random or sequential numbers and/or receives and stores lists of telephone numbers.

21. As of November 26, 2018, the publicly-accessible "Terms of Use" page on Defendant's e-commerce website, Wish.com, states that Defendant sends "recurring autodialed marketing texts from or on behalf of" Wish.com.[2]

22. Numerous other consumers who, like Plaintiff, have never enrolled in Defendant's services (much less provided express written consent to receive Defendant's SMS text message advertisements) have nonetheless received substantially similar unsolicited mass marketing SMS text messages sent by Defendant, including from the phone number (855) 894-7420, as demonstrated by the following sampling of complaints posted by consumers at 800notes.com (specifically https://800notes.com/Phone.aspx/1-855-894-7420) and shortcodes.org (specifically at http://shortcodes.org/uncategorized/89293-short-code/):



---

[2] "Terms of Use," Wish.com, available at https://www.wish.com/terms (last accessed November 26, 2018).

CLASS ACTION COMPLAINT

> Adrianne Morris   January 27, 2018    Reply
> How do I opt-out of wish sms notifications they are bugging me

> Gary   January 19, 2018    Reply
> Wish . com. I didn't sign up for this spam

> John Smith   November 28, 2017    Reply
> Receiving spam and phishing from geek.wish.com

23. The complained of SMS text messages sent to the 5824 Number constituted telephone solicitations as defined by 47 U.S.C. § 227(a)(4) and/or advertisements as defined by 47 C.F.R. 64.1200(f)(1). This is because Defendant sent the text messages to advertise the commercial availability of its Wish.com service and the goods sold on its Wish.com website and mobile application, for the purpose of selling such goods to Plaintiff and the other Class members for profit. Indeed, even Defendant's Wish.com website has characterized the text messages it sends as "promotional communications . . . about [Wish.com]" and "about [its] products and/or services," and has stated that Defendant sends such messages for "marketing purposes."[3]

24. Neither Plaintiff nor the other members of the Class provided their "prior express written consent" or any other form of consent allowing Defendant or any affiliate, subsidiary, or agent of Defendant to transmit SMS text messages to the 5824 Number or to any of the Class members' mobile telephone numbers by means of an "automatic telephone dialing system," within the meaning of 47 U.S.C. § 227(b)(1)(A).

25. Remarkably, Defendant sent many of the unsolicited, autodialed text messages at issue in this case, including the ones it sent to Plaintiff, after it had already been sued for doing the same sort of thing in *Motley v. ContextLogic, Inc.*, No. 3:18-cv-02117-JD (N.D. Cal.).

---

[3] "Privacy Policy," Wish.com, available at https://www.wish.com/privacy_policy (last accessed November 26, 2018) (emphasis added).

CLASS ACTION COMPLAINT

## CLASS ALLEGATIONS

26. <u>Class Definition</u>. Plaintiff brings this civil class action pursuant to Fed. R. Civ. P. 23 on behalf of herself individually and as a representative of the following class of persons (the "Class") entitled to statutory damages under the federal TCPA:

> All persons in the United States who have never enrolled with ContextLogic, Inc.'s service and who were sent, during the four (4) years preceding the filing of the Class Action Complaint through the date on which class certification is granted, at least one SMS text message containing a Wish.com hyperlink by ContextLogic, Inc. or an affiliate, subsidiary, or agent of ContextLogic, Inc.

27. Defendant, its employees and agents are excluded from the Class.

28. Plaintiff reserves the right to modify the definition of the Class (or add one or more subclasses) after further discovery.

29. Plaintiff and all members of the Class have been impacted and harmed by the acts of Defendant or its affiliates or subsidiaries.

30. This Class Action Complaint seeks injunctive relief and monetary damages on behalf of Plaintiff and the Class.

31. This action may properly be brought and maintained as a class action pursuant to Fed. R. Civ. P. 23(a) and (b). This class action satisfies the numerosity, typicality, adequacy, commonality, predominance, and superiority requirements.

32. Upon application by Plaintiff's counsel for certification of the Class, the Court may also be requested to utilize and certify one or more additional subclass in the interests of manageability, justice, or judicial economy.

33. <u>Numerosity</u>. A substantial number of persons comprise the Class, which is believed to consist of thousands of persons dispersed throughout the United States. It is, therefore, impractical to join each member of the Class as a named plaintiff. Further, the size and relatively modest value of the claims of the individual members of the Class renders joinder impractical. Accordingly, utilization of the class action mechanism is the most economically feasible means of determining and adjudicating the merits of this litigation.

34. <u>Typicality</u>. While residing in the United States, Plaintiff received at least one SMS text message advertisement containing a Wish.com hyperlink, without having enrolled in Defendant's services. Consequently, the claims of Plaintiff are typical of the claims of the members of the Class, and Plaintiff's interest is consistent with and not antagonistic to those of the other members of the Class she seeks to represent. Plaintiff and all members of the Class are non-users of Defendant's Wish.com services but have nonetheless been impacted by, and face continuing harm arising out of, Defendant's transmission of SMS text messages containing advertisements and telemarketing material for the Wish.com services and the products sold by Defendant at Wish.com – in clear violation of the TCPA, as alleged herein.

35. <u>Adequacy</u>. Plaintiff has no interests adverse to, or which conflict with, the interests of the absent members of the Class, and is able to fairly and adequately represent and protect the interests of the Class. Plaintiff has raised viable statutory claims of the type reasonably expected to be raised by members of the Class and will vigorously pursue those claims. If necessary, Plaintiff may seek leave to amend this Class Action Complaint to add additional Class representatives or assert additional claims.

36. <u>Competency of Class Counsel</u>. Plaintiff has retained and is represented by experienced, qualified, and competent counsel committed to prosecuting this action. Counsel are experienced in handling complex class action claims, in particular claims under the TCPA and other state and federal data privacy and consumer protection statutes.

37. <u>Commonality and Predominance</u>. There are well-defined common questions of fact and law that exist as to all members of the Class and predominate over any questions affecting only individual members of the Class. These common legal and factual questions, which do not vary from class member to class member and may be determined without reference to the individual circumstances of any class member, include (but are not limited to) the following:

   a) Whether Defendant or affiliates, subsidiaries, or agents of Defendant transmitted advertising or telemarketing text messages to Plaintiff's and Class members' cellular telephones;

   b) Whether such text messages were sent using an "automatic telephone dialing system";

   c) Whether Defendant or affiliates, subsidiaries, or agents of Defendant can meet their burden to show Defendant obtained prior express written consent (as defined by 47 C.F.R. 64.1200(f)(8)) to send the text messages complained of, assuming such an affirmative defense is raised;

   d) Whether the complained of conduct in violation of the TCPA was committed knowingly or willfully;

   e) Whether Defendant or affiliates, subsidiaries, or agents of Defendant should be enjoined from engaging in such conduct in the future.

38.  Superiority. A class action is superior to other available methods for the fair and efficient adjudication of this controversy because individual litigation of the claims of all members of the Class is impracticable. Even if every member of the Class could afford to pursue individual litigation, the Court system could not. It would be unduly burdensome to the courts in which individual litigation of numerous cases would proceed. Individualized litigation would also present the potential for varying, inconsistent or contradictory judgments, and would magnify the delay and expense to all parties and to the court system resulting from multiple trials of the same factual issues. By contrast, the maintenance of this action as a class action, with respect to some or all of the issues presented herein, presents few management difficulties, conserves the resources of the parties and of the court system and protects the rights of each member of the Class. Plaintiff anticipates no difficulty in the management of this action as a class action. Class wide relief is essential to compel compliance with the TCPA. The interest of the members of the Class in individually controlling the prosecution of separate claims is small because the damages in an individual action for violation of the TCPA are small. Management of these claims is likely to present significantly fewer difficulties than are presented in many class actions because the text messages at issue are all automated and the Class members, by definition, are non-users of

Wish.com and did not consent to receive such text messages to their cellular telephones. The Class members can be readily located and notified of this class action through Defendant's text message transmission records and, if necessary, the records of cellular telephone providers.

39. Additionally, the prosecution of separate actions by individual Class members may create a risk of multiple adjudications with respect to them that would, as a practical matter, be dispositive of the interests of other members of the Class who are not parties to such adjudications, thereby substantially impairing or impeding the ability of such nonparty Class members to protect their interests. The prosecution of individual actions by Class members could further establish inconsistent results and/or establish incompatible standards of conduct for Defendant.

40. Defendant or any affiliates, subsidiaries, or agents of Defendant have acted on grounds generally applicable to the Class, thereby making final injunctive relief and corresponding declaratory relief with respect to the Class as a whole appropriate. Moreover, on information and belief, Plaintiff alleges that the TCPA violations complained of herein are substantially likely to continue in the future if an injunction is not entered.

## CLAIMS FOR RELIEF

### FIRST CLAIM FOR RELIEF
### VIOLATION OF THE TELEPHONE CONSUMER PROTECTION ACT
**(Brought by Plaintiff on Behalf of Herself and the Class Against Defendant)**

41. Plaintiff incorporates by reference paragraphs 1-40 of this Class Action Complaint as if fully stated herein.

42. The foregoing acts and omissions constitute violations of the TCPA by Defendant, including but not limited to violations of each of the above-cited provisions of 47 U.S.C. § 227.

43. As a result of Defendant's violations of 47 U.S.C. § 227, Plaintiff and all Class members are entitled to, and do seek, injunctive relief prohibiting such conduct violating the TCPA in the future.

44.     As a result of Defendant's violations of 47 U.S.C. § 227, Plaintiff and all Class members are also entitled to, and do seek, an award of $500.00 in statutory damages for each and every text message transmitted in violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3).

45.     Plaintiff and Class members also seek an award of attorneys' fees and costs.

## SECOND CLAIM FOR RELIEF
### KNOWING OR WILLFUL VIOLATION OF THE TELEPHONE CONSUMER PROTECTION ACT
(Brought by Plaintiff on Behalf of Herself and the Class Against Defendant)

46.     Plaintiff incorporates by reference paragraphs 1-40 of this Class Action Complaint as if fully stated herein.

47.     The foregoing acts and omissions by Defendant constitute knowing or willful violations of the TCPA, including but not limited to violations of each of the above-cited provisions of 47 U.S.C. § 227.

48.     As a result of alleged knowing or willful violations of 47 U.S.C. § 227, Plaintiff and all Class members are entitled to, and do seek, injunctive relief prohibiting such conduct violating the TCPA in the future.

49.     As a result of Defendant's knowing or willful violations of 47 U.S.C. § 227, Plaintiff and all Class members are also entitled to, and do seek, treble damages of up to $1,500.00 for each and every text message transmitted in violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3).

50.     Plaintiff and Class members also seek an award of attorneys' fees and costs.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for relief and judgment in favor of herself and the members of the Class as follows:

A.     Injunctive relief prohibiting such violations of the TCPA in the future;

B.     As a result of the alleged violations of 47 U.S.C. § 227(b)(1), Plaintiff seeks for herself and each class member $500.00 in statutory damages for each and every text message that violated the TCPA;

C. As a result of the alleged willful or knowing violations of 47 U.S.C. § 227(b)(1), Plaintiff seeks for herself and each class member treble damages, as provided by the statute, of up to $1,500.00 for each and every text message that violated the TCPA;

D. An award of attorneys' fees and costs to counsel for Plaintiff and the Class; and

E. An Order certifying this action to be a proper class action pursuant to Federal Rule of Civil Procedure 23, establishing an appropriate Class and any Subclasses the Court deems appropriate, finding that Plaintiff is a proper representative of the Class, and appointing the law firm representing Plaintiff as counsel for the Class.

## DEMAND FOR JURY TRIAL

Plaintiff, on behalf of herself and the Class, hereby demands a trial by jury pursuant to Federal Rule of Civil Procedure 38(b) on all claims so triable.

Dated: November 27, 2018          Respectfully submitted,

By: s/ Frank S. Hedin

### Hedin Hall llp

Frank S. Hedin (SBN 291289)
fhedin@hedinhall.com
David W. Hall (SBN 274921)
dhall@hedinhall.com
Four Embarcadero Center, Suite 1400
San Francisco, California 94111
Telephone: (415) 766-3534
Facsimile: (415) 402-0058

*Counsel for Plaintiff*